**In The**

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-22-00186-CV
_____

### IN RE BAYTOWN APARTMENT GROUP LLC, D/B/A
### PORT ARTHUR TOWNHOMES AND GURINDA SINGH AKHTAR

**Original Proceeding**
**136th District Court of Jefferson County, Texas**
**Trial Cause No. D-206,018**

## MEMORANDUM OPINION

In a petition for a writ of mandamus, Relators Baytown Apartment Group LLC, doing business as Port Arthur Townhomes and Gurinda Singh Akhtar complain the trial court abused its discretion by denying their Rule 91a motion to dismiss with prejudice the cause of action against Akhtar in a suit filed by Shawnquesha Howard, as next friend for J.S. and K.J. Relators argue the trial court based its ruling on an erroneous finding that the corporate veil had been pierced.

Rule 91a authorizes trial courts to dismiss a case that "has no basis in law or fact." Tex. R. Civ. P. 91a. "A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." Tex. R. Civ. P. 91a.2. The trial court must decide the Rule 91a motion based solely on the pleading of the cause of action, together with the attached pleading exhibits. *See* Tex. R. Civ. P. 91a; *see also* Tex. R. Civ. P. 59. "We review the merits of a Rule 91a ruling de novo; whether a defendant is entitled to dismissal under the facts alleged is a legal question." *In re Farmers Tex. Cty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding). "Mandamus relief is appropriate when the trial court abuses its discretion in denying a Rule 91a motion to dismiss." *Id.*

We apply the fair notice standard of pleading to determine if the cause of action has a basis in law or fact. *See* Tex. R. Civ. P. 47(a); *In re First Reserve Management, L.P.*, No. 09-21-00374-CV, 2022 WL 120010, at *1 (Tex. App.—Beaumont Jan. 13, 2022, orig. proceeding [mand. filed]) (mem. op.). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id.* The pleadings must give notice, not only of the claim and the relief sought, but also of the essential factual allegations sufficient to enable the defendant to prepare a defense. *Kinder Morgan SACROC,*

2

*LP v. Scurry Cty.*, 622 S.W.3d 835, 849 (Tex. 2021). We inquire whether the defendant can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. *Id.*

Howard amended her pleadings after Relators filed a motion to dismiss. In reply, Relators argued Howard's amended pleadings presented claims for negligence and negligence per se and alleged Akhtar may be liable for perpetuating a fraud without including information required to pierce the corporate veil.

After reviewing the mandamus record and considering the parties' argument, we conclude the Plaintiff's First Amended Petition provides fair notice of the legal and factual basis of the claims asserted against Akhtar. Therefore, Relators have not established the trial court abused its discretion by denying the Rule 91a motion to dismiss. Accordingly, we deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on July 13, 2022
Opinion Delivered July 14, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.

3